# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:62-CR-321 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GERALD A. BELFER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Gerald A. Belfer ("defendant") to expunge (Doc. No. 3 ["Mot."]). The government filed a response opposing the motion (Doc. No. 6 ["Resp."]). For the reasons set forth herein, defendant's motion is **DENIED**.

## I. BACKGROUND

In September 1962, defendant was charged in a two count information with (1) "knowingly and unlawfully depositing, or causing to be deposited, in the United States Mails for delivery by mail . . . an advertisement giving information as to where or from whom obscene matter could be obtained," and (2) "knowingly and unlawfully depositing, or causing to be deposited . . . an envelope containing obscene matter," both in violation of 18 U.S.C. § 1461. (Doc. No. 3-1 (Information) at 22.) Defendant pleaded guilty to Count One and was sentenced to 5 years of probation and a $3,000 fine. (Mot. at 9; Resp. at 28.[1]) Now, approximately 55 years after completing his probation, defendant moves this Court to expunge his conviction. (Mot. at 9.)

## II. DISCUSSION

Defendant seeks expungement on the grounds that the advertisement that formed the basis for his conviction would not qualify today as "obscene" material under 18 U.S.C. § 1461. He relies

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

on the Supreme Court's 1973 decision in *Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419 (1973), to support his claim that his 1962 "conviction would not pass constitutional muster today." (Mot. at 15-16.) Recognizing that there is no First Amendment protection for obscenity, the Court in *Miller* revisited the legal standards for determining whether material is obscene. *Miller*, 413 U.S. at 19-20, 36. Rejecting traditional tests that focused on whether the material was "utterly without redeeming social value," the *Miller* Court examined whether the average person, based on "contemporary community standards," would find that the material appealed to the "prurient interest in sex" and had no significant artistic, political, or other social value. *Id.* at 24. Even though the statute at issue in *Miller* was a California state statute, subsequent courts have applied the test in *Miller* to federal statutes prohibiting the possession or promotion of obscene materials as well. *See Hamling v. United States*, 418 U.S. 87, 105, 94 S. Ct. 2887, 2901, 41 L. Ed. 2d 590 (1974) ("we hold that 18 U.S.C. § 1461 incorporates [the *Miller*] test in defining obscenity").

It is defendant's position that, if *today's* contemporary standards of decency were applied to his 1962 case, the jury would have found that the material at issue was not obscene, which, according to defendant, means that his conviction is unconstitutional. (Mot. at 15.) Because he believes that he has asserted a constitutional claim, he insists that this Court has ancillary jurisdiction over his motion to expunge. (*Id.*) The government argues that defendant's conviction is not expungable because the statute under which he was convicted is still constitutionally valid, and defendant has not established, or even argued, that he would have been acquitted if he had gone to trial applying the contemporary standards at the time he was prosecuted. (Resp. at 32-33.) Thus, there are no grounds for exercising jurisdiction over the motion. (*Id.* at 33.) This Court agrees with the government that it lacks jurisdiction to entertain defendant's motion to expunge.

Before the Court may entertain a motion to expunge, the Court must first find that it has authority to provide the requested relief under either a statute or the narrow doctrine of ancillary jurisdiction. *See United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). Federal courts are courts of limited jurisdiction and may not expand their jurisdictional authority beyond that which is granted to them by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994) (citations omitted). The party moving to expunge has the burden of establishing a federal court's jurisdiction. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

Certain statutes explicitly permit the expungement of criminal records under limited circumstances. *Lucido*, 612 F.3d at 874. For instance, 18 U.S.C. § 3607(c) and 21 U.S.C. § 844a(j) grant courts the power to expunge convictions for certain violations of the Controlled Substances Act. *Id.* Other statutes, such as 34 U.S.C. § 12592 (formerly cited as 42 U.S.C. § 14132) and 10 U.S.C. § 1565(e), authorize the Director of the Federal Bureau of Investigation and the Secretary of Defense, respectively, to expunge certain DNA records. *Id.* None of these statutes apply to the instant case, and there is no federal statute that supplies district courts with the general authority to expunge valid criminal convictions. *United States v. Welch*, No. 1:05-cr-158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007).

The only other means by which this Court may entertain defendant's motion to expunge is under ancillary jurisdiction. Federal courts have "ancillary" jurisdiction over proceedings that are related to, but technically separate from, the original case over which the court had subject-matter jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014) (citation omitted). Courts may assert ancillary jurisdiction over a proceeding if doing so serves one of two purposes. First, a court may exercise ancillary jurisdiction over two or more claims that are factually interdependent

when doing so would permit disposition of those claims by a single court. *Kokkonen*, 511 U.S. at 379 (citations omitted). Second, exercising ancillary jurisdiction is appropriate if doing so enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380 (citations omitted). The power to expunge a conviction may only be exercised if doing so would serve the second purpose. *United States v. Smith*, No. 1:05-cr-286, 2010 WL 2802274, at *1 (W.D. Mich. July 15, 2010). Unlike "supplemental" or "pendant" jurisdiction, which are dictated by 28 U.S.C. § 1367, ancillary jurisdiction is governed by case law. *Field*, 756 F.3d at 914.

A district court's ancillary expungement power is rarely exercised, and courts "have most readily invoked [this] power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson*, 79 F.3d 1149, at *2 (6th Cir. 1996) (unpublished opinion) (quotation marks and citation omitted). In *Field*, the Sixth Circuit held that district courts may exercise ancillary jurisdiction over motions to expunge unconstitutional convictions, but not motions based on purely equitable considerations. *Field*, 756 F.3d at 916 (citations omitted); *see, e.g., United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017). Thus, in order to expunge a conviction under ancillary jurisdiction, the district court must find that (1) the motion to expunge raises a valid constitutional claim, and (2) granting the motion enables the court to manage its proceedings, vindicate its authority, or effectuate its decrees. *Deer*, 249 F. Supp. 3d at 877 (citing *Field*, 756 F.3d at 916).

Defendant attempts to raise a constitutional claim, asserting that the material he mailed in 1962 is not "obscene" by today's standards, rendering his conviction unconstitutional. (Mot. at 16.) However, the *Miller* Court's test for determining if material is "obscene" uses the contemporary community standards at the time the charge is made. *Miller*, 413 U.S. at 24. Using those contemporary community standards, the trier of fact then must find that the material appeals

to the "prurient interest in sex" and also lacks substantial artistic, political, or other social value. *Id.* at 24. These standards are subject to shifts in social norms of decency. As the government notes, 18 U.S.C. § 1461 is still constitutional, and the ruling in *Miller* did not render unconstitutional any convictions under 18 U.S.C. § 1461. (Resp. at 32.) *See Hamling*, 418 U.S. at 112. Defendant's argument–that his conviction is now unconstitutional because his conduct in 1962 no longer satisfies the elements of the statute–is misguided.

Defendant pleaded guilty, and, as such, there is no detailed record speaking to the nature of the "obscene" material contained in the mailed advertisement. (Resp. at 32-33.) Nonetheless, there is no reason to believe that, had defendant gone to trial, the application of the community standards *of 1962* would have resulted in an acquittal. Defendant does not suggest otherwise, and, accordingly, his conviction remains constitutionally firm.

Furthermore, entertaining defendant's motion to expunge an approximately 55 year-old conviction would not serve the second purpose of ancillary jurisdiction identified in *Kokkonen*. Expunging a conviction more than 5 decades after the closing of the case does not manage the original case, vindicate this Court's power, or help effectuate the Court's orders. *See Lucido*, 612 F.3d at 874-75 (finding that the court had no authority to expunge a conviction 16 years later because it would not serve the purposes of ancillary jurisdiction identified in *Kokkonen*). There is no reason this Court may now assert jurisdiction over defendant's motion decades after the entry of the final judgment of the original case. Consequently, this Court does not have ancillary jurisdiction to entertain defendant's motion to expunge his valid conviction. *See United States v. Flagg*, 178 F. Supp. 2d 903, 905 (S.D. Ohio 2001) ("The view among the federal courts is that records of valid arrests, indictments or convictions ordinarily may not be expunged.") (collecting cases).

While this Court commends defendant for maintaining a clean record other than this sole conviction (Mot. at 20), and understands that he wishes "to enter the next life with a clean slate" (*Id.*), these are equitable considerations that cannot invoke ancillary jurisdiction. *See Field*, 756 F.3d at 916; *see, e.g., United States v. Tippie*, No. 3:08CR288, 2013 WL 4782370, at *1 (N.D. Ohio Aug. 21, 2013). Defendant's conviction was and remains valid, and the Court may not now invoke ancillary jurisdiction to entertain his motion to expunge. Therefore, this Court must deny defendant's motion to expunge for lack of jurisdiction.

### III. CONCLUSION

For the reasons set forth herein, defendant's motion to expunge is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 11, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**